ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **JOSÉ A. QUILES RODRÍGUEZ**<br><br>Recurrido<br><br>v.<br><br>**DANIEL RODRÍGUEZ JORGE**<br><br>Peticionario | KLCE202500230 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Civil Núm.:<br>**CAL2842025-3401**<br><br>Sobre: Ley Núm. 284, Ley contra el Acecho |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2025.

Mediante *Certiorari Civil*, comparece ante este Foro el señor Daniel Rodríguez Jorge (señor Rodríguez Jorge o peticionario) y solicita que revisemos la *Orden de Protección* que el Tribunal de Primera Instancia, Sala Municipal de Carolina, expidió en su contra el 6 de febrero de 2025. Ello, al amparo de la Ley Núm. 284 de 21 de agosto de 1999, según enmendada, conocida como *Ley contra el Acecho en Puerto Rico*, 33 LPRA sec. 4013 *et seq.* (Ley Núm. 284-1999).

Por los fundamentos que expresamos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

### I.

Según surge del expediente, el 23 de enero de 2025, el señor José A. Quiles Rodríguez (señor Quiles Rodríguez o recurrido) instó una *Petición de Orden de Protección* al amparo de la Ley Núm. 284-1999 contra el señor Rodríguez Jorge, compañero de trabajo. Ello, a raíz de una acusación que hizo en su contra sobre el hurto de ciertos

relojes. El 6 de febrero de 2025 se celebró una vista durante la cual testificó el señor Quiles Rodríguez y el señor Rodríguez Jorge estuvo presente.

El foro *a quo* expidió la orden de protección solicitada por el término de un (1) año, como medida cautelar debido al contenido de los mensajes de audio que mostró el señor Quiles Rodríguez al tribunal. Explicó que el señor Rodríguez Jorge realizó una serie de amenazas el 18 y 22 de enero de 2025 y que el caso estaba bajo investigación por la Policía de Puerto Rico. El foro primario ordenó que el señor Rodríguez Jorge tendría que abstenerse de acosar, perseguir, intimidar, amenazar o de cualquier otra forma interferir con el señor Quiles Rodríguez o con miembros de su familia. Además, se le ordenó a no acercarse o penetrar al hogar del señor Quiles Rodríguez, lugar de empleo y sus alrededores, hogar de los familiares, negocio, escuela, entre otros. También se le prohibió realizar llamadas telefónicas y enviar mensajes de texto o de voz, correos electrónicos, y cartas. En esencia, abstenerse de tener contacto o interferir con el señor Quiles Rodríguez.

En desacuerdo, el señor Rodríguez Jorge acude ante este Foro mediante el recurso que nos ocupa. Alega que el TPI cometió los siguientes errores:

> PRIMERO: Erró el Tribunal de Primera Instancia, Sala Municipal de Carolina, al expedir una orden de protección al amparo de la Ley 284-1999 en contra del aquí peticionario por el término de un (1) año, en violación a su derecho al debido proceso de ley.

> SEGUNDO: Erró el Tribunal de Primera Instancia, Sala Municipal de Carolina, al expedir una orden de protección final en contra del aquí peticionario al amparo de la Ley 284-1999, a pesar de que no se demostró mediante prueba suficiente que se cumpliera con todos los elementos exigidos por dicha Ley especial.

El 12 de marzo de 2025, emitimos *Resolución*, a los fines de conceder 20 días al recurrido para fijar su posición sobre el recurso. En vista de que este no presentó su alegato y, transcurrido en exceso

el término concedido para ello, atenderemos el recurso que hoy nos ocupa sin el beneficio de su comparecencia.

**II.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. Véase, *Pueblo v. Díaz de León*, 176 DPR 913, 918 (2009). La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones

---

[1] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.[2]

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

---

[2] Debe de quedar claro que la denegatoria a expedir no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Por el contrario, es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98, citando a *Feliberty v. Soc. de Gananciales*, 147 DPR 834 (1999).

**B.**

Nuestro ordenamiento jurídico -mediante la Ley Núm. 284-1999- tipifica como delito la conducta constitutiva de acecho y establece los mecanismos procesales adecuados para proteger a las personas víctimas de dichos actos. A esos efectos, el precepto de ley aquí en discusión cataloga a este acto antijurídico como:

> [...] una conducta que mediante la cual se ejerce una vigilancia sobre determinada persona; se envían comunicaciones verbales o escritas no deseadas a una determinada persona, se realizan amenazas escritas, verbales o implícitas a determinada persona, se efectúan actos de vandalismo dirigidos a determinada persona, se hostiga repetidamente mediante palabras, gestos o acciones dirigidas a intimidar, amenazar o perseguir a la víctima o a miembros de su familia. Art. 3(a) de la Ley Núm. 284-1999, 33 LPRA sec. 4013(a).

Para un mejor entendimiento sobre la conducta aquí prohibida, la Exposición de Motivos de la antes citada ley precisa que el acecho es una forma de actividad criminal compuesta de una serie de actos que al ser examinados individualmente pueden parecer un comportamiento legal. Sin embargo, como estos son unos no deseados ni aprobados por la víctima, los mismos se perpetran con el solo designio de amedrentar, intimidar, o hacerle daño a la persona objeto de acecho o a sus familiares. (Exposición de Motivos de la Ley Núm. 284-1999).[3]

No obstante, la ley establece que es necesario, para la configuración del acecho, que la conducta que evidencia la intención de intimidar constituya un patrón de conducta persistente; es decir, la misma tiene que producirse en 2 o más ocasiones. (Véase, respectivamente, el Art. 3(b) y 4(a) de la Ley Núm. 284-1999, 33 LPRA sec. 4013(b) y 4014(a)). De lo anterior vemos que los elementos de la conducta proscrita son: 1) que la persona lleve a cabo una serie de actos; 2) que los mismos se hayan producido en 2

---

[3] Véase también, D. Nevares-Muñiz, *Sumario de Derecho Procesal Penal Puertorriqueño*, 6ta ed., San Juan, Instituto para el Desarrollo del Derecho, Inc., 2001, pág. 273.

o más ocasiones; y 3) que la parte que los genere lo haga con la intención de intimidar.

Ahora bien, cualquier persona que haya sido víctima de la conducta antes descrita podrá presentar por sí, por conducto de su representante legal o por un agente del orden público, una petición ante el tribunal en la que solicite una orden de protección. Ello sin que sea necesaria la presentación previa de una denuncia o acusación. Art. 5 de la Ley Núm. 284-1999, 33 LPRA sec. 4015.

Respecto al procedimiento para la expedición de una orden de protección, la ley dispone que el mismo comenzará con la presentación de una petición verbal o escrita; o dentro de cualquier caso pendiente entre las partes; o a solicitud del Ministerio Fiscal en un procedimiento penal, o como una condición para disfrutar de sentencia suspendida o de libertad condicional. Una vez sometida la misma, el tribunal citará a las partes bajo apercibimiento de desacato para una vista dentro de un término no mayor de 5 días. Art. 6(a) y (c) de la Ley Núm. 284-1999, 33 LPRA sec. 4016(a) (c).

### III.

En su escrito, el peticionario aduce que se le vulneró su derecho al debido proceso de ley, porque el TPI no le proporcionó una notificación adecuada de la vista, enviándole copia de la citación por correo electrónico con tan solo un día antes de su celebración. Arguye que el juzgador de los hechos le impuso silencio durante la vista por no contar con representación legal y que no se le brindó oportunidad de contrainterrogar la prueba en su contra. Esboza que la expedición de la orden de protección concernida tuvo el efecto de despojarlo de su puesto de trabajo para reubicarlo en otra área ajena a su puesto esencial. A su vez, argumenta que el TPI erró en la apreciación de la prueba porque no se estableció el patrón de conducta que exige la Ley Núm. 284-1999 y que los audios escuchados durante la vista no operan en un vacío.

Tras un ponderado examen del récord ante nos, así como de la transcripción de la vista celebrada el 6 de febrero de 2025[4], somos del criterio que el foro *a quo* no abusó de su discreción al expedir la orden de protección impugnada. La decisión del TPI fue adecuada y sensata. Dentro del ejercicio de la discreción que ostenta en este tipo de casos, el juzgador de los hechos evaluó la prueba que tuvo ante sí y expidió la orden de protección concernida como medida cautelar. Del expediente surgen motivos suficientes para creer que el recurrido ha sido víctima de acecho a tenor con la Ley Núm. 284-1999. Consiguientemente, no intervendremos con en el dictamen recurrido. Cabe resaltar que el Juez que presidió la audiencia le sugirió al peticionario que obtuviera representación legal debido a las investigaciones que estaban en curso. En esa dirección, le explicó que tenía derecho de guardar silencio y que no pretendía que dijera algo en el salón de sesiones que pudiera perjudicar su defensa.[5]

Ante las disposiciones de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* denegamos expedir el auto de *certiorari* solicitado por el peticionario.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari.* Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Véase, *Certificación de la Taquígrafo* del 7 de marzo de 2025. Apéndice del recurso, pág. 31.
[5] Apéndice del recurso, pág. 43.